

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
03/18/2010

| | |
|---|---|
| IN RE | ) |
| | ) |
| DONALD R. BURNS and | ) CASE NO. 09-31683-H3-7 |
| CHERYL A. BURNS, | ) |
| Debtors, | ) |
| DEBORAH DOWNING, | ) |
| Plaintiff, | ) |
| v. | ) ADV. NO. 09-3209 |
| DONALD R. BURNS and | ) |
| CHERYL A. BURNS, | ) |
| Defendants. | ) |

<u>MEMORANDUM OPINION</u>

The court has held a trial in the above captioned adversary proceeding.  The following are the Findings of Fact and Conclusions of Law of the court.  A separate conforming Judgment will be entered.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

Donald R. Burns and Cheryl A. Burns ("Debtors") filed a voluntary joint petition under Chapter 7 of the Bankruptcy Code on March 11, 2009.

Prior to the filing of the petition in the instant Chapter 7 case, Deborah Downing ("Plaintiff") filed suit against Debtors, on grounds of tortious interference with contract and defamation, in the 268th Judicial District Court of Fort Bend County, Texas.  (Plaintiff's Exhibit 1).  The state court suit went to trial on November 18, 2008.

At the state court trial, Cheryl Burns testified that she and her husband operate a real estate business.  She testified that, after Plaintiff no longer worked for Debtors, Plaintiff went to work for another real estate agency, Keller Williams.  She testified that, in January, 2007, she contacted Andy St. Jean, the manager of Keller Williams Realty Southwest, and asserted that Plaintiff had stolen Debtors' policy and procedure manual.  She testified that she was trying to convey the message that Debtors would sue Plaintiff and Keller Williams Realty Southwest if the materials were not returned.  She testified that she would file suit against anyone who hired Plaintiff.  (Plaintiff's Exhibit 7).

At the state court trial, Christina Fuentes, of Keller Williams, testified that, based on Debtors' threat of a lawsuit, Fuentes terminated Plaintiff's employment.  (Plaintiff's Exhibit 6).

At the conclusion of the state court trial, the jury found that Debtors intentionally interfered with Plaintiff's

employment with Keller Williams, and found damages of $57,230.00 proximately caused by Debtors' interference.  The jury also found that Debtors made defamatory statements about Plaintiff, and found damages of $42,770.00 proximately caused by the defamation.  The jury found that Plaintiff did not commit theft with regard to Debtors' manual.  (Plaintiff's Exhibit 2).

The state court granted Debtors' motion for judgment notwithstanding the verdict, denying recovery as to the defamation cause of action.  The state court awarded judgment on the tortious interference cause of action in the amount of $57,230.00, plus prejudgment interest of $4,292.25, postjudgment interest at 5 percent, compounded annually, and court costs in the amount of $2,580.65.  (Plaintiff's Exhibit 3)[1].

In the instant adversary proceeding, Plaintiff seeks a determination that the debt represented by the state court judgment is excepted from discharge pursuant to 11 U.S.C. § 523(a)(6).

At the trial of the instant adversary proceeding, Plaintiff presented documentary evidence from the state court trial, including the original petition, jury charge, judgment, and excerpts of the trial transcript.  Defendant presented no

---

[1] Counsel advised this court that the judgment remains on appeal.  Because this court is addressing only the question of dischargeability, and not liability, the question of whether the judgment is affirmed or reversed on appeal is not relevant to this court's determination.

evidence.

## Conclusions of Law

Section 523(a)(6) of the Bankruptcy Code excepts from discharge debts "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

Nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. Kawaauhau v. Geiger, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). An injury is "willful and malicious" where there is either an objective substantial certainty of harm or a subjective motive to cause harm. Miller v. J.D. Abrams Inc. (In re Miller), 156 F.3d 598 (5th Cir. 1998).

In the instant case, Debtors' actions demonstrate both an objective substantial certainty of harm and a subjective motive to cause harm. It is clear from Cheryl Burns' testimony at the state court trial that she threatened Plaintiff's subsequent employer with suit and from Christina Fuentes' testimony at the state court trial that the threat was the reason Plaintiff was fired. The court infers from Burns' testimony in the state court trial that she would sue anyone who hired Plaintiff, both an awareness that her actions would harm Plaintiff and a subjective intent to cause that harm.

In closing argument, Debtors' counsel argued that <u>Guerra & Moore, Ltd. v. Cantu (In re Cantu)</u>, 400 B.R. 104 (Bankr. S.D. Tex. 2008) is directly on point with respect to the instant adversary proceeding.  The instant case is distinguished from <u>Cantu</u> in that <u>Cantu</u> addressed the collateral estoppel effect of jury findings regarding tortious interference and defamation claims.  In the instant case, this court's conclusions supporting the exception to discharge are found in the transcript of the state court trial.  This court did not preclude Defendant's presentation of evidence.  Defendant chose to present no evidence.  The court concludes, based on the Debtors' objective substantial certainty of harm and a subjective motive to cause harm to Plaintiff, that Debtors' debt to Plaintiff is excepted from discharge.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on March 18, 2010.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE